IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| WILLIE GRAVES, JR., JOHNNY GRAVES, HENRY FELDER, DONALD O. WILLIAMS, L.J. BARTELL, PAUL E. WILLIAMS, EARLY WALKER, JR., WILLIE PETERSON, ARTHUR HANNA, AND GILBERT RICHARDSON, <br><br> Plaintiffs, <br><br> vs. <br><br> WELLMAN, JOHN HOBSON, JEFF SEAL, J. DALVIN AVANT, JR., JERRY CHASTAIN, AUDIE DUPUIS, DONALD CARTWRIGHT, AND THOMAS DUFF, <br><br> Defendants. | C.A. No. 4:03-2098-TLW <br><br><br><br><br><br><br><br><br><br> **WRITTEN OPINION AND ORDER** |

In this case, the *pro se* plaintiffs brought the instant action alleging violations of § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. In particular, the plaintiffs allege that the defendants violated the collective bargaining agreement that existed between Wellman and the union of which the plaintiffs are members. The defendants deny these allegations and have filed a motion for summary judgment. The plaintiffs oppose this motion.

This matter now comes before the undersigned for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Thomas E. Rogers, III, to whom this case had previously been assigned. In his Report, Magistrate Judge Rogers recommends that the defendants' motion for summary judgment be granted.

1

The plaintiffs have filed an objection to the Report. Specifically, the plaintiffs assert only that "they do not consent to a United States Magistrate Judge exercising any authority in this case."

In conducting its review of the Report and the objection filed thereto, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

<u>Wallace v. Housing Auth. of the City of Columbia</u>, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the above-referenced standard, the Court has reviewed, *de novo*, the Report and the objection filed thereto. As well, the undersigned has also carefully considered all of the pleadings filed in this case, the parties arguments contained therein, all exhibits, and the relevant case law. The Court accepts the Report. As properly reasoned by the Magistrate Judge:

> Plaintiffs fail to present factual support or argument providing for individual liability on the part of any of the individually named defendants. Therefore, the individual defendants are entitled to summary judgment and should be dismissed as parties to this action.

> ...plaintiffs have failed to show, in the light most favorable to them, that the union breached its duty of fair representation or that Wellman breached the collective bargaining agreement...
>
> ...the evidence establishes that there was no breach of the collective bargaining agreement by Wellman relating to the lay-off of the A mechanics. Therefore, defendants are entitled to summary judgment on the merits of plaintiffs' claims.

(Magistrate Judge's Report p. 15, 20-21).

Additionally, as stated above, the plaintiffs object to the Report, since "they do not consent to a United States Magistrate Judge exercising any authority in this case." This objection is not persuasive.

As previously indicated in this Court's Order filed January 21, 2005, plaintiffs mistakenly assert that the Magistrate Judge has no authority to exercise jurisdiction in this case absent their consent. Pursuant to 28 U.S.C. § 636(b)(1)(A), "a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court..." Local Civil Rule 73.02 DSC further provides that all pretrial proceedings involving litigation by individuals proceeding *pro se* are automatically assigned to a magistrate judge. Therefore, the procedure followed in this case clearly is provided for in the Rules.

In this case, the instant summary judgment motion was properly assigned to the Magistrate Judge for preparation of a Report and Recommendation. A Report and Recommendation was prepared and all parties had the opportunity to file objections if they chose to do so. Irregardless, ultimate authority for the final disposition of defendants' summary judgment motion remained with the undersigned. Thus, plaintiffs' objection is overruled.

In sum, a *de novo* review of the record indicates that the Report accurately summarizes this case and the applicable law. For the reasons articulated by the Magistrate Judge, it is **ORDERED** that the defendants' motion for summary judgment is **GRANTED** and the instant case is **DISMISSED**.

**IT IS SO ORDERED.**

s/ Terry L. Wooten
Terry L. Wooten
United States District Court Judge

September 27, 2005
Florence, South Carolina